UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SILVIA REGINA CARRANZA,

        Plaintiff,

v.

COUNTY OF CASSOPOLIS, STATE
OF MICHIGAN, SHERIFF OF CASS
COUNTY, STATE OF MICHIGAN,
ROBERT TISER, and DANIEL TISER,

        Defendants.

_____/

Case No. 1:14-CV-887

HON. GORDON J. QUIST

## **OPINION**

Plaintiff, Silvia Regina Carranza, has filed a pro se complaint against Robert Tiser, Daniel Tiser (collectively, the Tisers), Cass County (the County), the Sheriff of Cass County (the Sheriff), and the State of Michigan (the State). Plaintiff has alleged claims against those defendants that arise out of an incident involving Plaintiff and the Tisers that led to Plaintiff's arrest and prosecution for domestic violence. Defendants filed separate motions to dismiss, and Plaintiff filed a response. The Court has reviewed the parties' filings, and the matter is now ready for decision.

### **Background**[1]

On April 13, 2014, Plaintiff was physically assaulted by Robert Tiser in Cass County, Michigan. (Dkt. #1 at Page ID#6-7.) Daniel Tiser videotaped the assault without Plaintiff's consent. (*Id.* at Page ID#7.) Daniel Tiser then called the Cass County Sheriff's Office and made a false report that led to Plaintiff being arrested for domestic violence. (*Id.* at Page ID##5,7.)

---

[1] For purposes of deciding the pending motions, the Court construes the complaint in the light most favorable to Plaintiff and accepts all the complaint's allegations as true. *See Crugher v. Prelesnik*, 761 F.3d 610, 614 (6th Cir. 2014).

Plaintiff was detained at the Cass County jail for a period of less than two days following her arrest. (*Id.* at Page ID#18.) Thereafter, the Cass County Prosecutor's office pursued charges against Plaintiff for domestic violence. (*Id.* at Page ID#8.) Those charges are currently pending.

Although it is not totally clear from the complaint, Plaintiff appears to assert federal claims based on false arrest and incarceration, unconstitutional conditions of confinement, malicious prosecution, violation of due process, and violation of federal wiretap laws. She also alleges state law claims of defamation, assault, battery, and trespass.

**Discussion**

1.  <u>Claims against the State</u>

Plaintiff's complaint is unclear how the State violated her rights. The allegations involving governmental entities center around Plaintiff's arrest, prosecution, and confinement. There is no allegation that the State — as opposed to the County—had any involvement in those activities. Thus, it appears that Plaintiff has not stated a valid claim against the State.

Even if Plaintiff could link the State to the allegations in her complaint, however, her claims would be barred. The Eleventh Amendment generally bars suit against a state in federal court unless the state has waived its sovereign immunity. *Harrison v. Mich.*, 722 F.3d 768, 771 (6th Cir. 2013). The State has not waived its sovereign immunity or consented to suit in this case. Accordingly, Plaintiff's claims against the State are barred by the Eleventh Amendment.

2.  <u>The County and the Sheriff</u>

Plaintiff's complaint does not specify whether she has sued the Sheriff in his official or individual capacity. When the pleadings do not explicitly state whether a plaintiff is suing a government official in his official or individual capacity, the Sixth Circuit uses a "course of proceedings" test to determine whether the defendant received notice of a plaintiff's intent to hold him personally liable. *Shepherd v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002). In applying that

test, the Sixth Circuit considers "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id.* at 968. Because Plaintiff did not allege that the Sheriff was personally involved in any of the events that give rise to her claims, the Sheriff would not have had actual knowledge that the claims were being asserted against him in his individual capacity. Accordingly, the Court finds that the claims asserted against the Sheriff are in his official capacity.

"A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Thus, Plaintiff's claims against the Sheriff are essentially claims against the County itself. The County may be held liable for Plaintiff's injuries only if Plaintiff can show that her injuries resulted from an unconstitutional policy or custom. *Id.* Plaintiff "must identify the policy, connect the policy to the [municipality] itself, and show that the particular injury was incurred because of the execution of the policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir. 1993).

Plaintiff appears to allege federal claims against the County arising from her arrest and prosecution, as well as from the conditions in which she was confined following her arrest. In particular, Plaintiff alleges that she was wrongfully arrested and detained, that she was denied medical treatment and exposed to an unhealthy environment during her detention, and that the Cass County prosecutor pursued false charges against her. Plaintiff has not alleged that any of these actions were based on a County policy, or that she suffered injury because of that policy. Judging from the allegations of the complaint, Plaintiff's arrest, detention, and prosecution appear to be based on the incidents and allegations of the particular case, and not based on any custom or policy of arresting and prosecuting victims of domestic violence. There is no indication that Plaintiff's failure to receive medical treatment or the opportunity to bathe while detained were based on any

custom or policy, or that County officials were even aware of Plaintiff's complaints. Because Plaintiff has not shown a custom or policy of the County that led to her injuries, the Court will dismiss her federal claims against the County and the Sheriff.

Even if Plaintiff had sued the Sheriff in his individual capacity, those claims would be subject to dismissal. Plaintiff makes a number of allegations related to her arrest and detention, the subsequent investigation, and the prosecution against her. However, she does not allege that the Sheriff had any personal involvement in those events, or even that he had knowledge of such events. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 ("Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability."). Because Plaintiff has not linked the Sheriff to any of the allegations in her complaint, any claims against him in his individual capacity would fail.

Finally, Plaintiff raises state law claims based on trespass, malicious prosecution, defamation, and intimidation. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. In determining whether to exercise jurisdiction over pendent state law claims, courts should consider such factors as comity, judicial economy, convenience, and fairness, as well as the avoidance of unnecessarily deciding issues of state law. *Pinney Dock & Transp. Co, v. Penn Cent. Corp.*, 196 F.3d 617, 620-21 (6th Cir. 1999). This case is in its early stages, and the parties have not engaged in discovery or even attended a scheduling conference. Thus, deciding the state law issues in this case would not promote judicial economy, and would entail unnecessary decisions on state law. Accordingly, the Court finds that the factors weigh against exercising jurisdiction over the state law claims in this case.

    3.    <u>The Tisers</u>

Plaintiff asserts a variety of constitutional claims against the Tisers based on the allegations that they made false statements to the police that resulted in her arrest and prosecution. A plaintiff may assert a constitutional claim under 42 U.S.C. § 1983 for actions "taken under color of state law, either by government actors or private individuals acting as agents of the State." *Cochran v. Gilliam*, 656 F.3d 300, 306 (6th Cir. 2011) (internal quotation marks omitted). There is no indication that the Tisers were government actors or acting as agents of the state. Because the allegations in the complaint indicate that the Tisers were acting merely as private individuals, Plaintiff may not assert constitutional claims against them based on her arrest, detention, or prosecution.

Plaintiff also purports to assert a claim under federal wiretap laws. The federal wiretap statute, 18 U.S.C. § 2510 *et seq.*, prohibits the interception of wire, oral, and electronic communications. There is no allegation in the complaint that the Tisers intercepted any sort of communication. Moreover, to the extent that Plaintiff's claim is based on an unauthorized videotape, it does not fall within the federal wiretap statute.

Finally, to the extent that Plaintiff raises state law claims such as battery, assault, trespass, or defamation against the Tisers, the Court will decline to exercise pendent jurisdiction over those and all other state-law claims for the previously stated reasons. *See* 28 U.S.C. § 1367(c)(3).

## Conclusion

The Court concludes that the claims against Defendants cannot survive, and should be dismissed. An order consistent with this opinion shall issue.

Dated: December 12, 2014                                     /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                     UNITED STATES DISTRICT JUDGE